█ FRANK WODAR, Also Known as IRWIN F. LEVY, Respondent, v. FIRST SPICE MIXING Co., Defendant. FIRST SPICE MANUFACTURING Co., INC., Appellant.— In this action to recover upon an alleged interest in defendant's profit sharing plan, a nonparty witness, First Spice Manufacturing Co., Inc., appeals from an order of the Supreme Court, Kings County, dated

July 1, 1974, which granted plaintiff's motion to compel further production of documents by said witness and denied the latter's cross motion for a protective order, except so much of said order as granted the witness's further motion (1) to reargue said cross motion and (2) to compel plaintiff to defray the witness's expenses in producing the matter in question. Order affirmed insofar as appealed from, with $20 costs and disbursements. No opinion. Shapiro, Benjamin and Munder, JJ., concur; Martuscello, Acting P. J., and Latham, J., dissent and vote to reverse the order insofar as appealed from, deny plaintiff's motion, and grant the cross motion for a protective order, with the following memorandum: A determination as to whether plaintiff has a vested interest in defendant's profit sharing plan cannot and should not be made on an appeal from an order granting or denying discovery of papers, records and documents from a nonparty witness. This issue should properly be determined at a trial. As to the issues before us, it is patent that a nonparty may be subject to the disclosure processes (CPLR 3120, subd. [b]). However, only such evidence as is "material and necessary in the prosecution or defense of an action" is subject to disclosure (CPLR 3101, subd. [a]). Similarly, only those facts which "will assist preparation for trial by sharpening the issues and reducing delay and prolixity" or which are reasonably related to the issues in litigation need be disclosed (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403, 406). Until such time as plaintiff actually proves that he has a vested interest in defendant's profit sharing plan, he cannot show and, on the record before us, he has not demonstrated, what relevance the items ordered produced would have in defining and sharpening the issues as between himself and defendant. Furthermore, production of the documents in question would undoubtedly entail an unnecessary and unreasonable annoyance, expense and inconvenience to appellant, as well as possibly reveal much of its business operations to a competitor. Since plaintiff has failed to show the materiality of and the necessity for the production of such documents by appellant, the latter's cross motion for a protective order should have been granted (CPLR 3101, subd. [a]; *Columbia Gas of N. Y.* v. *New York State Elec. & Gas Corp.*, 35 A D 2d 620, 621; *Smith* v. *Robilotto*, 27 A D 2d 684; see 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.10).